IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                          )        Case No. 18-02936-jw
                                                )        Chapter 13
Rudolph Norwood Lloyd,                          )
                                                )
                Debtor.                         )
                                                )
_____)

## AMENDED OBJECTION TO PLAN OF
## REORGANIZATION

Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A ("Movant"), by and through the below referenced counsel, hereby objects to the Plan of Reorganization amended August 22, 2018 as it affects Movant for the following reasons.

1.      Movant holds a first mortgage on Debtor's real property located at 609 Rego Lane, Moncks Corner, Berkeley County, South Carolina 29461, TMS # 144-00-01-057 (the "Property") as described in the attached copy of the Note and Mortgage.  The Property is the Debtor's principal residence, and includes the 1978 Southern Mobile, Serial Number S1227 ("Mobile Home") located thereon.

2.      Movant filed a Proof of Claim on August 14, 2018 evidencing a total secured debt of $73,211.83 with an arrearage of $32,497.35 ("Claim").

3.      Debtor's Amended Plan of Reorganization seeks to value the Property in the amount of $26,000.00.

4.      Movant filed an Objection to Debtor's Amended Plan of Reorganization on September 25, 2018.  Debtor filed a response thereto on September 27, 2018.

5.      The instant Amendment is filed to correct typographical errors in the initial Objection, and to address points raised in Debtor's Response thereto.

6.      Debtor contends that the anti-modification provision of §1322(b)(2) is inapplicable because the Mobile Home has not been detitled and it is thus considered personal property.  Debtor cites *In re Ennis* in support of Debtor's argument that the Mobile Home is personal property.  *See* 558 F.3d 343 (4th Cir. 2009) (finding that under Virginia State law, mobile home was classified as personal property for tax purposes and Debtor did not attempt to convert the mobile home to real estate).

7.      However, it is irrelevant whether the Mobile Home is detitled or is taxed as personal property for purposes of determining whether it constitutes part of the real estate under South Carolina law.  In South Carolina, "[m]obile homes have held to be both fixtures and personal property." *City of North Charleston v. Claxton*, 315 S.C. 56, 431 S.E.2d 610 (Ct. App. 1993).  The criteria for determining whether an item remains personal property or becomes a fixture when affixed to real property includes: "(1) the mode of attachment; (2) the character of the structure of the article; (3) the intent of parties making the annexation; and (4) the relationship of the parties." *Id.* at 60, 431 S.E.2d at 614; *see also Carrol v. Britt*, 227 S.C. 9, 86 S.E.2d 612 (1955).

8.      The South Carolina District Bankruptcy Court relied upon the foregoing analysis in *In re Rebel Mfg. and Marketing Corp.*, in determining whether or not a mobile home was a fixture subject to a bank's mortgage.  *See* 54 B.R. 674 (Bankr. D.S.C. August 26, 1985).  The subject mobile home was referred to as personal property on its title and was taxed as such, and the subject mortgage did not specifically include it as collateral, although it did include "fixtures."  There, the Bankruptcy Court concluded that the mobile home was a fixture subject to the mortgage because its character was "that of a

single structure not readily adaptable for movement without the expenditure of substantial funds and causing great damage to it and to its surroundings." *Id.* at 676. The Bankruptcy Court also specifically found that the treatment of the mobile home as personal property for taxes did not control, but rather the inquiry depended on the intent of the parties for the mobile home to become part of the realty. *Id.*

9.      Here, the Mobile Home was appraised together with the real property as part of the subject loan origination. *See* Exhibit A. As reflected in the origination appraisal, the Mobile Home had been improved at the time of valuation to include storm windows and doors, a front screen porch, and rear deck. This comports with a current photograph of the Property, which shows the Mobile Home has undergone substantial improvements and is not readily adaptable for movement. *See* Exhibit B.

10.     Furthermore, a Judgment and Order of Foreclosure and Sale was entered on April 5, 2017 by the Master in Equity for Berkeley County, which included a finding that Movant's Mortgage is also secured by the Mobile Home based upon the intent of the parties. *See* Exhibit C. As such, the state court determined that the Mobile Home is part of the real estate secured by the subject Mortgage. The Judgment and Order of Foreclosure is an unappealed order and therefore constitutes the law of the case. *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.) Accordingly, Debtor cannot relitigate this issue in the instant Bankruptcy proceedings.

11.     Based on the foregoing, Movant's objection should be sustained because §1322(b)(2) is applicable to the subject lien on the grounds that the Mobile Home is considered part of the subject real property.

12.     In the event the Court should find that §1322(b)(2) does not bar the valuation of it's Claim, Movant will provide evidence to the Court as to the correct value of the Property.

WHEREFORE, Movant requests that this Court deny approval of this Amended Plan of Reorganization until such time as it is amended to pay Movant's lien/claim in full. Movant requests such other relief as is just and proper.

MAGALIE A. CREECH, ESQ.
District Court ID No. 10871
Attorney for Creditor
FINKEL LAW FIRM LLC
Post Office Box 1799
Columbia, South Carolina 29202
Phone (803) 765-2935
Fax (803) 252-0786
mcreech@finkellaw.com

Columbia, South Carolina
_Oct. 2_ , 2018

# UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. _____

| Property Description | | |
|---|---|---|
| Property Address 609 REGO LANE | City MONCKS CORNER | State SC   Zip Code 29461 |
| Legal Description DEED BOOK 710 PAGE 45, PLAT CAB L PAGE 217 AND PLAT CAB F PAGE 347 | | County BERKELEY |
| Assessor's Parcel No. 144-00-01-093 (A) 144-00-01-067 | Tax Year 2005   R.E. Taxes $ 103.71 | Special Assessments $ 0.00 |
| Borrower LLOYD, RUDOLPH A DESSIRENE   Current Owner LLOYD, RUDOLPH A DESSIRENE   Occupant [X] Owner [ ] Tenant [ ] Vacant | | |
| Property rights appraised [X] Fee Simple [ ] Leasehold   Project Type [ ] PUD [ ] Condominium (HUD/VA only)   HOA $ 0.00 /Mo. | | |
| Neighborhood or Project Name MONCKS CORNER | Map Reference BERKELEY 91-A | Census Tract MSA 1440 204.01 |
| Sale Price $ REFINANCE   Date of Sale N/A   Description and $ amount of loan charges/concessions to be paid by seller N/A | | |
| Lender/Client CITIFINANCIAL/DATA SEARCH, INC.   Address 404 NORTH HIGHWAY 52 SUITE 111, MONCKS CORNER, SC 29461 | | |
| Appraiser DIANA K. GAINER   Address 441 OLD TROLLEY ROAD, SUMMERVILLE, SC 29485-5670 | | |

| Location [ ] Urban [X] Suburban [ ] Rural | Predominant occupancy | Single family housing | Present land use % | Land use change |
|---|---|---|---|---|

Location [ ] Urban [X] Suburban [ ] Rural
Built up [X] Over 75% [ ] 25-75% [ ] Under 25%
Growth rate [ ] Rapid [X] Stable [ ] Slow
Property values [X] Increasing [ ] Stable [ ] Declining
Demand/supply [ ] Shortage [X] In balance [ ] Over supply
Marketing time [X] Under 3 mos. [ ] 3-6 mos. [ ] Over 6 mos.

Predominant occupancy [X] Owner [ ] Tenant [ ] Vacant (0-5%) [X] Vacant (over 5%)

Single family housing: PRICE / AGE
One family 80% Low 64 NEW / High 350 / Predominant 130

Present land use %: One family 80% / 2-4 family / Multi-family / Commercial 6% / VAC 15%

Land use change [X] Not likely [ ] Likely [ ] In process   To: _____

Note: Race and the racial composition of the neighborhood are not appraisal factors.

Neighborhood boundaries and characteristics: BOUND BY CITY LIMITS MONCKS CORNER, BERKELEY GOLD COURSE BID, OAKLEY ROAD AND HIGHWAY 17A, AN AREA OF SFD INCLUDING MANUFACTURED HOMES.

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): MONCKS CORNER IS THE COUNTY SEAT OF BERKELEY COUNTY. IT IS ONE OF THE OLDEST AREAS IN THE STATE WITH OUTLYING AREAS EXTENDING TO CROSS, PINEVILLE, AND CARNES CROSSROADS. THREE HIGHWAYS IN AND OUT GIVE EASY ACCESS TO SCHOOLS, SHOPPING, HOUSES OF WORSHIP, AND EMPLOYMENT. SUBJECT IS LOCATED ON THE OUTSKIRT OF MONCKS CORNER. SURROUNDING PROPERTIES ARE SINGLE FAMILY DWELLINGS WITH EQUALLY GOOD APPEAL. NO ADVERSE CONDITIONS NOTED THAT WOULD AFFECT PROPERTY VALUES IN THE AREA.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time - - such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): IN THIS AREA THERE IS LITTLE DIRECT RELATIONSHIP BETWEEN THE AGE OF HOUSES & THEIR VALUE. OLDER HOUSES THAT HAVE BEEN MODERNIZED SELL FOR PRICES PER SQUARE FOOT OF GROSS LIVING AREA SIMILAR TO NEWER HOUSES OF THE SAME SIZE. A BIG FACTOR IN THE AREA IS THE SITE SIZE. AREA IS STABLE WITH A DIVERSIFIED ECONOMY & EXPANDING LABOR FORCE. A UNIQUE BLEND OF TOURISM, SHIPPING & HEALTH CARE CONTRIBUTE TO THE STABLE ECONOMIC BASE. INTEREST RATES CONTINUE TO REMAIN LOW WITH ALL TYPES FINANCING AVAILABLE. MARKET TIME REMAINS 3 TO 6 MONTHS. NO ADVERSE CONDITIONS NOTED.

Project Information for PUDs (if applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)?  [ ] YES  [ ] NO
Approximate total number of units in the subject project NOT A PUD   Approximate total number of units for sale in the subject project NOT A PUD
Describe common elements and recreational facilities: N/A

| Dimensions 2.09 ACRES (SEE SURVEY PLAT ATTACHED) | Topography | BASICALLY LEVEL |
|---|---|---|
| Site area 2.09 ACRES +/-   Corner Lot [ ] Yes [X] No | Site | TYPICAL FOR AREA |
| Specific zoning classification and description F-1 RESIDENTIAL | Shape | IRREGULAR |
| Zoning compliance [X] Legal [ ] Legal nonconforming (Grandfathered use) [ ] Illegal [ ] No zoning | Drainage | APPEARED ADEQUATE |
| Highest & best use as improved: [X] Present use [ ] Other use (explain) | View | OTHER HOMES |
| Utilities Public Other   Off-site Improvements Type   Public Private | Landscaping | AVERAGE |
| Electricity [X] 200 CL   Street GRAVEL & DIRT   [X] | Driveway Surface | EARTH/GRASS |
| Gas PROPANE   Curb/gutter NONE | Apparent easements | NORMAL UTILITY |
| Water WELL/TYPICAL   Sidewalk NONE | FEMA Special Flood Hazard Area [ ] Yes [X] No |
| Sanitary sewer SEPTIC/TYPICAL   Street lights PRIVATE ELECTRIC   [X] | FEMA Zone X   Map Date 10/16/2003 |
| Storm sewer DRAINAGE   Alley NONE | FEMA Map No. 450020 0410O |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning, use, etc.): NO ADVERSE CONDITIONS WERE NOTED DURING THE INSPECTION OF THE PROPERTY. THERE ARE NORMAL UTILITY EASEMENTS PRESENT IN THE SURROUNDING AREA INCLUDING SUBJECT PROPERTY.

| GENERAL DESCRIPTION | EXTERIOR DESCRIPTION | FOUNDATION | BASEMENT | INSULATION |
|---|---|---|---|---|
| No. of Units 1 | Foundation BLOCK PIER | Slab NO | Area Sq.Ft. 0 | Roof |
| No. of Stories 1 | Exterior Walls VINYL SIDE | Crawl Space YES | % Finished N/A | Ceiling AVG [X] |
| Type (Det./Att.) DETACHED | Roof Surface COMP/SHING | Basement NONE | Ceiling N/A | Walls AVG [X] |
| Design (Style) MFG/ADDIT | Gutters & Dwnspts. NONE | Sump Pump NONE | Walls N/A | Floor AVG [X] |
| Existing/Proposed EXISTING | Window Type VINYL TILT | Dampness NONE OBSVD | Floor N/A | None [ ] |
| Age (Yrs.) 26 | Storm/Screens STORM/YES | Settlement NONE OBSVD | Outside Entry N/A | Unknown [ ] |
| Effective Age (Yrs.) 12 | Manufactured House PEACHTREE | Infestation NONE OBSVD | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq.Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | 0 |
| Level 1 | | 1 | 1 | 1 | 1 | | | 4 | 2.00 | X | 1 | 2,186 |
| Level 2 | | | | | | | | | | | | 0 |

Finished area above grade contains:   0 Rooms   4 Bedroom(s)   2 Bath(s)   2,186 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | KITCHEN EQUIP. | ATTIC | AMENITIES | CAR STORAGE: |
|---|---|---|---|---|---|---|
| Floors | VINYL/DRYWALL/AVG | Type FWA | Refrigerator [X] | None [X] | Fireplace(s) #NO | None [ ] |
| Walls | DRYWL/PANEL/AVG | Fuel GAS | Range/Oven [X] | Stairs [ ] | Patio [X] | Garage # of cars |
| Trim/Finish | WOOD/PAINT/AVG | Condition WORKING | Disposal [ ] | Drop Stair [ ] | Deck [X] | Attached [ ] |
| Bath Floor | VINYL/AVG | COOLING | Dishwasher [ ] | Scuttle [ ] | Porch SC/POR [X] | Detached [ ] |
| Bath Wainscot | DRYWL/FIBGL/AVG | Central YES | Fan/Hood [X] | Floor [ ] | Fence [ ] | Built-in [ ] |
| Doors | WOOD FLUSH/AVG | Other 2 AC | Microwave [ ] | Heated [ ] | Pool [ ] | Carport 2 CAR |
| | | Condition WORKING | Washer/Dryer [P] | Finished [ ] | STORAGE BLDG [X] | Driveway 2 CAR |

Additional features (special energy efficient items, etc.): STORM WINDOWS & DOORS, 4 CEILING FANS, FRONT SCREEN PORCH, REAR DECK. THE ADDITION WAS BUILT IN 1992.

Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction remodeling/additions, etc.: NO FUNCTIONAL INADEQUACIES OR PHYSICAL INADEQUACIES WERE NOTED BEYOND NORMAL WEAR & TEAR. UPKEEP HAS BEEN AVERAGE. NO FUNCTIONAL PROBLEMS WERE OBSERVED DURING THE INSPECTION. THE CONDITION HAS BEEN CONSIDERED IN THE EFFECTIVE AGE ESTIMATE. THE SUBJECT IS A DOUBLEWIDE MANUFACTURED HOME WITH AN ADDITION.

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property: THE APPRAISER IS NOT AWARE OF & HAS NOT OBSERVED ANY ADVERSE ENVIRONMENTAL CONDITIONS ON OR IN THE IMMEDIATE VICINITY OF THE SUBJECT SITE.

## UNIFORM RESIDENTIAL APPRAISAL REPORT    File No.

**Valuation Section**

| | | | |
|---|---|---|---|
| ESTIMATED SITE VALUE | | 28,000 | Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property): |
| ESTIMATED REPRODUCTION COST-NEW OF IMPROVEMENTS: | | | |
| Dwelling    1,600 Sq. Ft. @ $ 34.00 = $ 54,400 | | | PLEASE SEE THE ATTACHED SKETCH & CALCULATIONS |
| ADDITION 586 Sq. Ft. @ $ 45.00 = $ 26,326 | | | ADDENDUM. DEPRECIATION IS BY THE AGE LIFE METHOD. |
| DECKS/SCPOR/APPL. = $ 7,600 | | | CALCULATIONS ARE FROM MARSHALL & SWIFT COST BOOK. |
| Garage/Carport 300 Sq. Ft. @ $ 7.50 = $ 2,700 | | | IF DEFERRED MAINTENANCE IS INDICATED & IS DUE TO |
| Total Estimated Cost New = $ 90,925 | | | NEEDED REPAIRS WHICH ALSO IS DEDUCTED ON THE |
| Less 70 Physical  Functional  External = $ 15,567 | Est. Remaining Econ. Life: 59 | | CONDITION LINE ON THE MARKET APPROACH. COST |
| Depreciation $15,567 = $ 15,567 | | | APPROACH IS BEST IN NEW CONSTRUCTION & SPECIAL |
| Depreciated Value of Improvements = $ 75,338 | | | PURPOSE PROPERTIES. |
| "As-is" Value of Site Improvements = $ 2,800 | | | |
| INDICATED VALUE BY COST APPROACH = $ 106,800 | | | |

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| Address | 609 REGO LANE MONCKS CORNER | 134 ST MICHAELS PLACE MONCKS CORNER | | 100 THREE OAKS COURT MONCKS CORNER | | 106 MARCH LANE MONCKS CORNER | |
| Proximity to Subject | | 1.81 miles SE | | 6.50 miles WSW | | 6.61 miles WBW | |
| Sales Price | REFINANCE | | 127,000 | | 112,000 | | 109,000 |
| Price/Gross Liv. Area | $ 0.00 Ø | $ 88.19 Ø | | $ 90.91 Ø | | $ 63.62 Ø | |
| Data source | | 2012120 CHARLESTON MLS | | 2033094 CHARLESTON MLS | | 2033575 CHARLESTON MLS | |
| Verification Sources | | PUBLIC RECORDS | | PUBLIC RECORDS | | PUBLIC RECORDS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing Concessions | N/A | CONVENTIONAL 75 DAYS MKT | | SELLER FINANCE 130 DAYS MKT | | CONVENTIONAL 102 DAYS MKT | |
| Date of Sale/Time | N/A | 09/04/2006 | | 04/18/2006 | | 12/10/2006 | |
| Location | SUBURBAN | SUBURBAN | | SUPERIOR | -5,000 | SUPERIOR | -5,000 |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 2.00 ACRES | 5.23 ACRES +/- | -25,000 | 1.00 ACRES +/- | 6,000 | 2.82 ACRES +/- | 0,000 |
| View | OTHER HOMES | OTHER HOMES | | OTHER HOMES | | OTHER HOMES | |
| Design and Appeal | MFG HOME/ADDIT | MFG HOME | | MFG HOME | | MFG HOME | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Age | A28/E12 | A42/E | -3,000 | A4/2E | -3,000 | A3/2E | -3,000 |
| Condition | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Above Grade | Total  Bdrms  Baths | Total  Bdrms  Baths | | Total  Bdrms  Baths | | Total  Bdrms  Baths | |
| Room Count | 0  4  2.00 | 7  4  2.00 | | 8  4  3.00 | -1,000 | 7  3  2.00 | |
| Gross Living Area | 2,186 Sq.Ft. | 1,440 Sq.Ft. | 14,000 | 2,200 Sq.Ft. | -500 | 1,708 Sq.Ft. | 9,500 |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | NONE | NONE | | NONE | | NONE | |
| Functional Utility | NORMAL | NORMAL | | NORMAL | | NORMAL | |
| Heating/Cooling | CHAC | CHAC | | CHAC | | CHAC | |
| Energy Efficient Items | STORM W/D | STORM W/D | | AVERAGE | 2,000 | INSUL W/D | |
| Garage/Carport | 2 CARPORT | NO GARAGE | 2,600 | NO CARPORT | 2,600 | 2 CARPORT | |
| Porch, Patio, Deck, | SCPOR/DECK | PORCH/DECK | 600 | PORCH/STEPS | 1,000 | STEPS | 2,600 |
| Fireplace(s), etc. | NO FIREPLACE | 1 FIREPLACE | -2,000 | 1 FIREPLACE | -2,000 | 1 FIREPLACE | -2,000 |
| Fence, Pool, etc. | STORAGE | STORAGE | | NONE | 250 | NONE | 250 |
| KITCHEN EQP. | KITCHEN EQP. | KITCHEN EQP. | | KITCHEN EQP. | | KITCHEN EQP. | |
| Net Adj. (total) | | [-] [X] [+]  $ | 12,100 | [-] [X] [+]  $ | 60 | [X] [-] [+]  $ | 11,250 |
| Adjusted Sales Price | | Gross 37.7% | | Gross 21.0% | | Gross 28.7% | |
| of Comparable | | Net  -8.5%  $ 114,600 | | Net  0.0%  $ 111,950 | | Net  10.3%  $ 120,250 | |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc.): THESE ARE THE LATEST & MOST SIMILAR COMPARABLES AVAILABLE. SOME OF THE COMPARABLES ARE A LITTLE DATED BUT STILL REPRESENT THE MARKET AND THERE IS A DEFINITE LACK OF MORE RECENT SALES OF SIMILAR PROPERTIES IN CLOSE PROXIMITY. MARKET IS RELATIVELY STABLE AND THE COMPARABLES ARE CONSIDER TO BE RELIABLE INDICATORS OF MARKET VALUE. THE LAND ADJUSTMENTS HAVE BEEN MADE ACCORDING TO VACANT LAND SALES & ASSESSORS OFFICE IN BERKELEY COUNTY. THE AGE ADJUSTMENT HAS BEEN MADE AT $300.00 PER YEAR ACCORDING TO THE MARKET AT THIS TIME. COMPARABLE 1 IS THE CLOSEST TO THE SUBJECT & MOST WEIGHT HAS BEEN GIVEN.

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data Source for prior sales within year of appraisal | NONE NOTED PAST 3 YEARS MLS/PUBLIC REC. | NO LISTINGS OR SALES PAST 12 MONTHS MLS/PUBLIC REC. | NO LISTINGS OR SALES PAST 12 MONTHS MLS/COURTHOUSE | NO LISTINGS OR SALES PAST 12 MONTHS MLS/PUBLIC REC. |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal: THERE WERE NO TRANSFERS OR LISTINGS ON THE SUBJECT IN THE PAST 3 YEARS. THERE WERE NO OTHER TRANSFERS OR LISTINGS ON THE COMPARABLES USED IN THE PAST 12 MONTHS.

INDICATED VALUE BY SALES COMPARISON APPROACH ......................................... $ 115,000

INDICATED VALUE BY INCOME APPROACH (If Applicable) Estimated Market Rent $ ____ /Mo. x Gross Rent Multiplier ____ = NA ... $

This appraisal is made [X] "as is"  [ ] subject to the repairs, alterations, inspections or conditions listed below  [ ] subject to completion per plans and specifications.

Conditions of Appraisal: INCOME APPROACH NOT USED DUE TO LACK OF SOLD & CLOSED RENTALS IN THE IMMEDIATE AREA. FINANCIAL INCENTIVES HAVE BEEN CONSIDERED & ADJUSTED IF WARRANTED.

Final Reconciliation: THIS SUMMARY APPRAISAL IS INTENDED FOR USE BY THE LENDER AND/OR THEIR SUCCESSORS AND ASSIGNS FOR A MORTGAGE FINANCE TRANSACTION ONLY.

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/Fannie Mae Form 1004B (Revised  JUNE 2009  ).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF  09/21/2006
(WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $  115,000

| APPRAISER: | SUPERVISORY APPRAISER (ONLY IF REQUIRED): | |
|---|---|---|
| Signature | Signature | [ ] Did  [ ] Did Not |
| Name DIANA K. GAHER | Name | Inspect Property |
| Date Report Signed 09/21/2006 | Date Report Signed | |
| State Certification # CG-28 | State Certification # | State |
| Or State License # L-2038 | Or State License # | State |

# APPRAISER'S MANUFACTURED HOUSING CHECKLIST

File No.

Borrower/Client: LLOYD, RUDOLPH & DESSIRENE

Property Address: 509 REGO LANE          City: MONCKS CORNER          State: SC     Zip Code: 29461

HUD Tag (ID) Number(s): NO HUD NUMBERS          Manufactured Date: 1978

Serial Number(s): S-1227          Manufacturer: DESTINY PEACHTREE

## FOUNDATION

I. Please mark an X in the appropriate box to describe the subject's foundation.

- Permanently Affixed on a Concrete/Masonry Perimeter with Concrete/Masonry Footings:
  ☐ Yes   ☐ No   ☐ Footings located below the frost line   ☐ No frost line

- Permanently Affixed on Pier & Post with Concrete/Masonry Footings:
  ☐ Yes   ☐ No   ☐ Footings located below the frost line   ☐ No frost line

- Not Permanently Affixed:
  ☐ Blocks   ☐ Pier and Pad   ☐ Wood and Concrete/Masonry   ☒ Other CONR BLOCKS & TIED DOWNS

## GENERAL INFORMATION

II. All questions must be answered. Please mark an X in the appropriate box for the subject.
Any "NO" answers require an explanation to be provided as an addendum to this checklist.

1. Subject has been converted to real property as evidenced by (e.g. 433A in California, Manufactured Housing Application in Washington, Conversion Certificate in Nevada, etc.):
   ☐ Yes   ☒ No   If "Yes", including # and date of document: _____

2. Subject foundation has been designed by an engineer.
   ☐ Yes   ☐ No   ☒ Unknown   ☐ See Engineer Certification Attached

3. Foundation appears to be suitable for the soil conditions of the site.
   ☒ Yes   ☐ No   ☐ Unknown

4. Post and piers appear to be placed according to manufacturer recommendations.
   ☒ Yes   ☐ No   ☐ Unknown

5. Foundation system is typical and acceptable in the subject's marketplace.
   ☒ Yes   ☐ No

6. All wheels, axles, trailer hitches and running gear removed.
   ☒ Yes   ☐ No

7. The subject is considered a "double-wide" manufactured unit.
   ☒ Yes   ☐ No

8. The subject manufactured home meets local zoning.
   ☒ Yes   ☐ No   ☐ No zoning

9. The subject has significant square footage, room size, storage, adequacy of roof pitch, and overhangs to be acceptable to typical buyers in the subject's market area.
   ☒ Yes   ☐ No

10. Materials and construction of the subject are acceptable in the subject's market area.
    ☒ Yes   ☐ No

11. Comment on the marketability of manufactured housing units in comparison to the marketability of site-built housing in the subject's area.
    THE SUBJECT IS TAXED AS REAL PROPERTY. A 1978 DESTINY PEACHTREE WITH AN ADDITION.
    _____
    _____
    _____

APPRAISER'S CERTIFICATION:  I certify that I have inspected the above referenced property and foundation system.

Signature: _____
Name: _____
State Certification #: CG-28
or State License #: L-2938
State: SC

Inspection Date: 08/31/2006
Date Signed: 09/01/2006
Expiration Date of Certification or License: 07/30/2007

FLOORPLAN

| Borrower: LLOYD, RUDOLPH & DESSIRENE | | File No.: |
|---|---|---|
| Property Address: 609 REGO LANE | | Case No.: |
| City: MONCKS CORNER | State: SC | Zip: 29461 |
| Lender: CITIFINANCIAL/DATA SEARCH, INC. | | |



Comments:

| AREA CALCULATIONS SUMMARY | | | |
|---|---|---|---|
| Code | Description | Size | Net Totals |
| GLA1 | First Floor | 2185.14 | 2185.14 |
| P/P | Screen Porch | 149.12 | |
| | Deck | 40.00 | 189.12 |
| GAR | Pole Carport | 360.00 | 360.00 |
| | | | |
| TOTAL LIVABLE    (rounded) | | | 2185 |

| LIVING AREA BREAKDOWN | | |
|---|---|---|
| Breakdown | | Subtotals |
| First Floor | | |
| 23.3  x  68.7 | | 1600.71 |
| 16.1  x  36.3 | | 584.43 |
| | | |
| 2 Calculations Total (rounded) | | 2185 |



No sketches found for this property.

52140.F46608
STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

IN THE COURT OF COMMON PLEAS

CitiFinancial Servicing LLC,

PLAINTIFF

FORM 4
JUDGMENT IN A CIVIL CASE

C/A NO: 2015-CP-08-02431

Rudolph N. Lloyd, Individually and as Personal Representative of the
Estate of Oralee Blakes, *et al.*,

DEFENDANT(S)

| Submitted by: FINKEL LAW FIRM LLC<br>Thomas A. Shook/Susan S. White/<br>Elizabeth S. Moore/Teresa Van Vlake<br>Carl D. Hiller/Anthony J. Charles | Attorney for: ☑ Plaintiff; ☐ Defendant;<br>or ☐ Self-Represented Litigant |
| --- | --- |

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☑ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED.** (CHECK REASON) ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43 (k), SCRCP (Settled); ☐ Other _____

☐ **ACTION STRICKEN.** (CHECK REASON) ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding Arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other _____

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (Check applicable box): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other _____
NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow). ☐ Statement of Judgment by the Court:

## ORDER INFORMATION

This order ☑ ends ☐does not end the case.
Additional Information for the Clerk:_____

### INFORMATION FOR THE PUBLIC INDEX

Complete this section below when the judgment affects title to real or personal property or in any amount should be enrolled. If there is no judgment information, indicate 'N/A' in one of the boxes below.

| Judgment In Favor of<br>(List Name(s) below) | Judgment Against<br>(List name(s) below) | Judgment Amount To Be Enrolled<br>(List amount(s) below) |
| --- | --- | --- |
| CitiFinancial Servicing LLC | Rudolph N. Lloyd, Individually and as Personal Representative of the Estate of Oralee Blakes | N/A |

If applicable, describe the property, including tax map information and address referenced in the order:

ALL that certain piece, parcel or lot of land situate, lying and being in First St. Johns Parish, Berkeley County, South Carolina, measuring and containing one (1) acre, more or less, and being more particularly shown and delineated on a ''Plat of land owned by Charles Markley Drown being conveyed to Jackson Blakes and Oralee Blakes prepared by Hager E. Netts, RLS, dated February 17, 1986 and recorded in Plat Cabinet F, page 347, together with a fifty (50') foot easement for ingress and egress over, upon and across other lands of the grantors herein as more particularly shown and delineated on the referenced plat.

ALSO: 1978 Southern Mobile Home, Serial Number S1227

TMS Number: 144-00-01-017

PROPERTY ADDRESS: 609 Rego Lane, Moncks Corner, SC

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: Title abstractors and researchers should refer to the official court order for judgment details.

_____ MASTER IN EQUITY
Circuit Court Judge                    Judge Code

3079

4/4/17
Date

SCRCP Form 4C (2/2017)

Page 1 of 2

**For Clerk of Court Office Use Only**

This judgment was entered on the _____ day of _____, 2017 and a copy

mailed first class or placed in the appropriate attorney's box on this _____ day of

_____, 2017 to attorneys of record or to parties (when appearing pro se) as

follows:

FINKEL LAW FIRM LLC

Post Office Box 71727

North Charleston, SC 29415

**Attorney(s) for Plaintiffs**

SCRCP Form 4C (2/2017)

Court Reporter:

**SEE ATTACHED LIST** _____

_____

_____

**Attorney(s) for the Defendant(s)**

_____
CLERK OF COURT

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1.**

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

SCRCP Form 4C (02/2017)

## DEFENDANTS

Dessirene Greene Lloyd
113 Tigers Den Lane
Moncks Corner, SC 29461

Dessirene Greene Lloyd
PO Box 1867
Moncks Corner, SC 29461

Rudolph N. Lloyd
609 Rego Lane
Moncks Corner, SC 29461

Kevin D. Kearse, Esquire
PO Box 365
Moncks Corner, SC  29461

United Financial Services, Inc.
c/o: CT Corporation System, Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223

Frank L. Valenta, Jr., Esquire
South Carolina Department of Motor Vehicles
PO Box 1498
Blythewood, SC  29016

South Carolina Federal Credit Union
6265 Rivers Ave.
North Charleston, SC 29406

F46608
STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

CitiFinancial Servicing LLC,

PLAINTIFF,

vs.

Rudolph N. Lloyd, Individually and as
Personal Representative of the Estate of
Oralee Blakes; Dessirene Greene Lloyd;
Blonder Hamilton; Joann Lloyd; South
Carolina Federal Credit Union; United
Financial Services, Inc.; and South
Carolina Department of Motor Vehicles,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS
C/A NO: 2015-CP-08-02431

**ORDER AND JUDGMENT OF
FORECLOSURE AND SALE
(DEFICIENCY WAIVED)**



TO:    Thomas A. Shook
Susan S. White
Elizabeth S. Moore
Teresa Van Vlake
Carl D. Hiller
Anthony J. Charles
FINKEL LAW FIRM LLC
Attorneys for the Plaintiff

ANSWERING DEFENDANTS:    Frank L. Valenta, Jr.
Attorney for Defendant
South Carolina Department of Motor
Vehicles

Kevin D. Kearse, Esquire
Attorney for Defendants
Blonder Hamilton and Joann Lloyd and
Rudolph Lloyd.

Pursuant to Rule 53 SCRCP, the above-entitled matter was referred. Any appeal from
any order or judgment issued by the master or special referee shall be to the Supreme Court or
the Court of Appeals as provided by the South Carolina Appellate Court Rules.

Pursuant to the said Order of Reference, a hearing was held and was attended by counsel. The testimony was taken, which is reported herewith. From the testimony and evidence, I find, conclude and order as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Based upon the Certification of Mortgagor Non-Compliance filed herein, the provisions of the Administrative Order issued by the Chief Justice of the Supreme Court of South Carolina on May 2, 2011, Order 2011-05-02-01, do not apply to the within foreclosure action.

2. The Lis Pendens was filed on October 22, 2015.

3. The Summons and Complaint were filed on October 22, 2015.

4. Service was made upon the Defendant(s) named in this Report as is shown by the proof(s) of service filed herein.

5. The Defendant(s) Rudolph N. Lloyd, Individually and as Personal Representative of the Estate of Oralee Blakes, Dessirene Greene Lloyd, South Carolina Federal Credit Union and United Financial Services, Inc. are in default as shown by Affidavit(s) on file herein.

6. Frank L. Valenta, Jr., Esquire, attorney for Defendant, South Carolina Department of Motor Vehicles, served Answer(s) on the Plaintiff, which is on file herein.

7. Kevin D. Kearse, Esquire Attorney for Defendants Blonder Hamilton and Joann Lloyd, served Answer(s) on the Plaintiff, which is on file herein.

8. All of the defendants herein and/or all attorneys of record were notified of the time, date and place of the hearing in this matter.

9. According to the Affidavit filed herein, the Defendant(s) Dessirene Greene Lloyd, Rudolph N. Lloyd, Blonder Hamilton and Joann Lloyd are not in the Military Service of the United States of America, as contemplated under the Servicemembers Civil Relief Act (2003), and any amendments thereto.

10. For value received, Rudolph Lloyd and Dessirene G. Lloyd made, executed and delivered a Note dated September 5, 2006, promising thereby to pay to the order of CitiFinancial, Inc., the sum of $83,875.12, with interest at an adjustable rate pursuant to the terms of the Note. Other terms and conditions are stated in the Note, which is of record herein.

11. To better secure the payment of the Note described above, the said Dessirene G. Lloyd, Rudolph N. Lloyd and Oralee Blakes made, executed and delivered to CitiFinancial, Inc.,

a Mortgage in writing, dated September 5, 2006, covering real property in Berkeley County, which is the same as that described in the Complaint. The Mortgage was filed on September 7, 2006, and is of record in the Office of the Register of Deeds for Berkeley County in Book 5936 at Page 212.

12.     This Mortgage constitutes a first mortgage lien on the subject property.

13.     By Assignment of Mortgage dated October 28, 2014, and recorded November 26, 2014, in Book 11091 at Page 266, in the Office of the Register of Deeds for Berkeley County, CFNA Receivables (SC), Inc. f/k/a CitiFinancial, Inc. assigned the subject mortgage to CitiFinancial Servicing LLC, the Plaintiff herein.

14.     Due to inadvertence and scrivener's error, the legal description recorded with the Plaintiff's mortgage is incorrect and does not reflect the property shown in the deed of distribution recorded in Book 342 at Page 47.

15.     Plaintiff is entitled to reformation of the legal description recorded with the Plaintiff's mortgage to reference the correct legal description for the subject property as shown in deed of distribution recorded August 20, 1993 in Book 342 at Page 47, to comport with the public records.

16.     The loan that is subject to this action is *not* owned, securitized, or guaranteed by Fannie Mae or Freddie Mac, and is not held by a servicer who is participating in the Home Affordable Modification Program (HMP) and, therefore is not subject to modification under the HMP.

17.     By order of the Master in Equity filed September 10, 2014 in Civil Action 2012-CP-08-1362, the deeds recorded June 21, 2006 in Book 5718 at Page 273, and recorded July 28, 2009 in Book 8042 at Page 266, by which Oralee Blakes purported to convey the subject property to Rudolph N. Lloyd and Dessirene G. Lloyd, were ordered and declared null and void.

18.     However, by consent order of the Circuit Court filed October 10, 2012, Plaintiff's valid mortgage encumbering the subject property was to continue unimpeded by the above-referenced civil action and, therefore remains in full force and effect as the valid first lien on the subject property.

19.     The mortgagor Oralee Blakes died intestate on August 15, 2010, and her estate was filed in the Berkeley County Probate Court as Estate File No. 2012-ES-08-855 and is still



3

open. Upon information obtained from the Estate File, the Personal Representative is Rudolph N. Lloyd and the heirs are Rudolph N. Lloyd, Blonder Hamilton and Joann Lloyd.

20.     Any interest of the above named defendants are junior and subordinate to the plaintiff's mortgage.

21.     The parties intended that the subject loan be secured by the real property and the 1978 Southern Mobile, serial number S1227, located on the real property.

22.     The mortgagor Dessirene Greene Lloyd is the owner of the 1978 Southern Mobile Home, serial number S1227 and obligor of the note subject to this action.

23.     The 1978 Southern Mobile Home, serial number S1227, which is attached to the real property, as well as the land described in the mortgage, secure the plaintiff's loan.

24.     The titleholder(s) of record in and to the subject property as of the filing of the Lis Pendens in this action is Oralee Blakes.

25.     Payment due on the Note has not been made as provided for therein, and Plaintiff, as the holder thereof, has elected to require immediate payment of the entire amount due thereon and has placed the Note and Mortgage in the hands of an attorney for collection.

26.     The amount due and owing on the Note, with interest at the rate provided in the Note, and other costs and expenses of collection, including an attorney's fee, secured by Note and Mortgage, is as follows:

| | |
|---|---|
| Principal due as of July 11, 2014 | $ 56,560.28 |
| Interest from December 22, 2014 Through March 1, 2017 | 11,296.64 |
| Escrow adjustments (debits and credits) | 338.68 |
| **TOTAL DEBT** secured by Note and Mortgage, including interest to date shown | $68,195.60 |

Interest for the period from March 1, 2017 as shown above at the rate of 7.3596% shall be added to the Principal Balance shown above through the date this Judgment is filed.  After the date of judgment, interest at the rate of 7.3596% on the total judgment debt should be added to such judgment debt to comprise the amount of Plaintiff's debt secured by the Mortgage.

27.     Plaintiff does not demand a deficiency judgment in the event the sale of the real estate herein does not yield a sum sufficient to satisfy all indebtedness due unto Plaintiff, including costs and Attorney's fees.

28.    The South Carolina Department of Motor Vehicles is made a party hereto since it is the governmental agency responsible for issuing certificates of title for mobile homes in South Carolina. Plaintiff seeks an order requiring this Defendant to either issue a Certificate of Title for the 1978 Southern, Serial Number S1227, to the successful purchaser at foreclosure sale, free and clear of any liens, or to detitle or retire the same.

29.    The following Defendant(s) claim(s), or may claim a lien upon or interest in the subject property as follows:

> a.  South Carolina Federal Credit Union, by virtue of a judgment against Dessirene G. Lloyd, filed November 1, 2012, Case No. 2012-CP-08-3179, in the amount of $7,580.00.

The interest or lien of the above Defendant, if any, is junior and subordinate to the plaintiff's first mortgage lien.

> b.  United Financial Services, Inc. by virtue of being listed as lienholder on the Certificate of Title for the 1978 Southern Mobile Home, Serial No. S1227, which is attached to the subject property.

The above defendant no longer has a lien on or interest in the 1978 Southern Mobile Home, Serial No. S1227 located on the subject property.

### IT IS THEREFORE ORDERED:

1.    There is due to Plaintiff on the obligation and Mortgage set forth in the Complaint the sum of $68,195.60, representing the "Total Debt" due Plaintiff as set forth in the Findings of Fact, *supra,* together with interest at the rate provided therein from the date aforesaid to the date hereof.

2.    The amount due in the preceding paragraph (the "Total Debt" as set forth in the Findings of Fact, *supra,* and later accrued interest) shall constitute the total judgment debt due the Plaintiff and shall bear interest hereafter at the rate of 7.3596%.

3.    Based on the allegations in the Complaint and the evidence presented, I hereby order Plaintiff's loan is also secured by the 1978 Southern Mobile Home, Serial Number S1227, located on the subject real property.

4.    The legal description recorded with the Plaintiff's mortgage to reference the correct legal description for the subject property as shown in deed of distribution recorded August 20, 1993 in Book 342 at Page 47 is reformed to comport with the public records.



5.      The Defendant, United Financial Services, Inc. no longer has a lien on or interest in the 1978 Southern Mobile Home, Serial No. S1227.

6.      The Defendant(s) liable for the aforesaid Mortgage debt shall, on or before the date of sale of the property hereinafter described, pay to Plaintiff, or Plaintiff's attorney, the amount of Plaintiff's debt as aforesaid, together with the costs and disbursements of this action. If such debt is paid in full, then the foreclosure sale shall be cancelled.

7.      On default of payment at or before the time herein indicated, the mortgaged premises described in the Complaint, as hereinafter set forth, shall be sold by the Master in Equity, or his agent under the direction of the Master in Equity, at public auction, at the Berkeley County Courthouse, Moncks Corner, South Carolina, on some convenient sales day hereafter (and should the regular day of judicial sales fall on a legal holiday, then and in such event, the sales day shall be on Tuesday next succeeding such holiday), on the following terms, that is to say:

A.      **FOR CASH**: The Master in Equity will require a deposit of 5% on the amount of the bid (in cash or equivalent), same to be applied on the purchase price only upon compliance with the bid, but in case of non-compliance within 30 days, the deposit may be forfeited without further hearing and applied to the costs and Plaintiff's debt.

B.      Interest on the balance of the bid shall be paid to the day of compliance at the rate of 7.3596%.

C.      The sale shall be subject to taxes and assessments, existing easements and easements and restrictions of record.

D.      This Mortgage constitutes a first priority lien on the subject property.

E.      Purchaser to pay for deed preparation and costs of recording the Deed, and transfer taxes.

8.      If Plaintiff be the successful bidder at the said sale, for a sum not exceeding the amount of costs, disbursements and expenses and the indebtedness of Plaintiff in full, Plaintiff may pay to the Master in Equity only the amount of the costs, disbursements and expenses crediting the balance of the bid on Plaintiff's indebtedness.

9.      The Master in Equity will, by advertisement according to law, give notice of the time, date, place of sale, and the terms thereof, which Notice of Sale is incorporated herein by

6



reference; and will execute to the Purchaser, or Purchasers, a deed to the premises sold. Plaintiff, or any other party to this action, may become a purchaser at such sale, and that if, upon such sale being made, the Purchaser, or Purchasers, should fail to comply with the terms thereof within 30 days after date of sale, then the Master in Equity may advertise the said premises for sale on the next, or some other subsequent sales day, at the risk of the highest bidder, and so from time to time thereafter until a full compliance shall be secured.

10.     Should Plaintiff, Plaintiff's attorney, or Plaintiff's agent fail to appear on the day of sale, the property shall not be sold, and in that event any such sale shall be null and void and of no force and effect. The property shall be re-advertised and sold at some convenient sales day thereafter when Plaintiff, Plaintiff's attorney, or Plaintiff's agent is present.

11.     That the Master in Equity will apply the proceeds of the sale as follows:

**FIRST:**     To payment of the amount of the costs and expenses of this action, including any Guardian Ad Litem fee or fees of attorneys appointed under Order of Court.

**NEXT:**     To the payment of Plaintiff, or Plaintiff's attorney, of the amount of Plaintiff's debt and interest, so much thereof as the purchase money will pay on the same.

**NEXT:**     Any surplus funds will be held pending further order of the Court.

12.     **IT IS FURTHER ORDERED** that in the event the successful bidder is other than the Defendant(s) in possession herein, upon full compliance with the bid, and upon issuance of a Writ of Assistance by this Court, the Sheriff of Berkeley County is ordered and directed to eject and remove from the premises the occupant(s) of the property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

13.     **IT IS FURTHER ORDERED** that, in the event the successful bidder is other than the Defendant(s) in possession herein and the occupant(s) have voluntarily vacated the premises or have been ejected from the premises leaving furnishings, fixtures and items not subject to Plaintiff's Mortgage in said premises, upon full compliance with the bid, Purchaser is authorized to remove therefrom all furnishings, fixtures and items not subject to the lien of Plaintiff's mortgage, which personal property, being deemed abandoned, shall be removed by



Purchaser or its agents from the subject property by placing said personal property on the public street or highway or by any other means.

14.     **IT IS FURTHER ORDERED** that, in addition to all parties deemed by law to have received constructive notice of the action herein, the Defendant(s) named herein and all persons whomsoever claiming under said defendant(s), be forever barred and foreclosed of all right, title, interest and equity of redemption in the said mortgaged premises so sold, or any part thereof.

15.     **IT IS FURTHER ORDERED** that the Deed of conveyances made pursuant to said sale shall contain the names of only the first named Plaintiff and the first named Defendant and the Defendant(s) who was/were the titleholder(s) of the mortgaged property at the time of filing of the notice of pendency of the within action, and the name of the grantee, and the Register of Deeds is authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said Deed.

16.     **IT IS FURTHER ORDERED** that The South Carolina Department of Motor Vehicles shall hereinafter prepare and issue a new Certificate of Title for the 1978 Southern Mobile Home, Serial Number S1227 to the successful purchaser at the foreclosure sale, or shall detitle and retire said Certificate of Title as necessary.

17.     **IT IS FURTHER ORDERED** that the Master in Equity will retain jurisdiction to do all necessary acts incident to this foreclosure including, but not limited to, issuing a Writ of Assistance and hearing any issues involving appraisal proceedings under Section 29-3-680 *et seq.*, South Carolina Code of Laws (1976), as amended.

18.     Plaintiff does not warrant its title search to purchasers at foreclosure sale or other third parties, who should have their own title search performed on the subject property.

19.     The Master in Equity shall direct the Register of Deeds to release of record the Mortgage lien being foreclosed, all subordinate liens and all prior liens ordered satisfied herein, after the Order Confirming Sale and Disbursements has been executed and filed. Plaintiff's Mortgage lien is described as follows:

> That certain Mortgage given by Dessirene Lloyd, Rudolph N. Lloyd and Oralee Blakes to CitiFinancial, Inc. dated September 5, 2006 and recorded in the Office of the Register of Deeds for Berkeley County on September 7, 2006 in Book 5936 at Page 212.



20.   The following is a description of the premises herein ordered to be sold:

ALL that certain piece, parcel or lot of land situate, lying and being in First St. Johns Parish, Berkeley County, South Carolina, measuring and containing one (1) acre, more or less, and being more particularly shown and delineated on a "Plat of land owned by Charles Markley Drown being conveyed to Jackson Blakes and Oralee Blakes prepared by Hager E. Netts, RLS, dated February 17, 1986 and recorded in Plat Cabinet F, page 347, together with a fifty (50') foot easement for ingress and egress over, upon and across other lands of the grantors herein as more particularly shown and delineated on the referenced plat.

ALSO: 1978 Southern Mobile Home, Serial Number S1227

TMS Number: 144-00-01-057

PROPERTY ADDRESS: 609 Rego Lane, Moncks Corner, SC

This being the same property conveyed to Oralee Blakes by deed of Harvey D. and Charles M. Brown, dated July 21, 1986, and recorded in the Office of the Register of Deeds for Berkeley County on July 23, 1986, in Deed Book A659 at Page 119; and by deed of distribution issued in the estate of Jackson Blakes on August 18, 1993 and recorded August 20, 1993 in Book 342 at Page 47.

Dale E. Van Slambrook
Master in Equity for Berkeley County

Moncks Corner, South Carolina

_4/4____, 2017

9

F46608
STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

CitiFinancial Servicing LLC,

PLAINTIFF,

vs.

Rudolph N. Lloyd, Individually and as
Personal Representative of the Estate of
Oralee Blakes; Dessirene Greene Lloyd;
Blonder Hamilton; Joann Lloyd; South
Carolina Federal Credit Union; United
Financial Services, Inc.; and South
Carolina Department of Motor Vehicles,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS
C/A NO: 2015-CP-08-02431

(NON-JURY MORTGAGE FORECLOSURE)

**RECORD OF HEARING**



Pursuant to the Order of Reference filed in the above cause of action, a hearing was held April 4, 2017 before Dale E. Van Slambrook, as Master in Equity for Berkeley County. Counsel of record is as follows:

ATTORNEYS FOR PLAINTIFF: Thomas A. Shook/Susan S. White/Elizabeth S. Moore/Teresa D. Van Vlake/Carl D. Hiller/Anthony J. Charles of FINKEL LAW FIRM LLC.

ATTORNEYS FOR DEFENDANTS: Frank L. Valenta, Jr. Attorney for Defendant South Carolina Department of Motor Vehicles; Kevin D. Kearse, Esquire Attorney for Defendants Blonder Hamilton and Joann Lloyd

The        following        defendant(s)        were        present        at        the        hearing:
___K. Kearse on behalf of Blonder Hamilton; Joann Lloyd, Rudolph Lloyd.

The mortgagor(s) were in default on the terms of the note and mortgage as of July 11, 2014.

The Lis Pendens was filed on October 22, 2015. Summons and Complaint was filed on October 22, 2015.

Affidavits or Acceptances of Service are filed and show that service of the Summons and Complaint was properly effected upon all defendants herein. The following Defendants are in default: Rudolph N. Lloyd, Individually and as Personal Representative of the Estate of Oralee

Blakes, Dessirene Greene Lloyd, South Carolina Federal Credit Union and United Financial Services, Inc.

There is an Affidavit of Military Status indicating that the individual Defendant(s) Dessirene Greene Lloyd, Rudolph N. Lloyd, Blonder Hamilton and Joann Lloyd are not in the military service of the United States of America.

Please let me draw your attention to the evidence marked with the following exhibit numbers:

1. Notice of hearing and certificate of service
2. Promissory Note
3. Mortgage
4. Assignment
5. Affidavit of Verified Statement of Account

The exhibits were accepted and admitted into evidence. By the Affidavit of Verified Statement of Account, Plaintiff established the total debt amount due as $68,195.60. Plaintiff is not seeking a deficiency judgment.

Plaintiff moved for foreclosure of the subject mortgage, with equity of redemption barred, and for a sale of the subject property. The relief was granted, and the hearing was concluded.

April 4, 2017
Moncks Corner, SC

FINKEL LAW FIRM LLC
Post Office Box 71727
North Charleston, South Carolina 29415
(843) 577-5460

By: _____ Date: _____

Thomas A. Shook/Susan S. White
Elizabeth S. Moore/Teresa D. Van Vlake
Carl D. Hiller/Anthony J. Charles
Attorneys for Plaintiff

2


52140.F06608
STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

CitiFinancial Servicing LLC,

     PLAINTIFF,

vs.

Rudolph N. Lloyd, Individually and as Personal Representative of the Estate of Oralee Blakes; Dessirene Greene Lloyd; Blonder Hamilton; Joann Lloyd; South Carolina Federal Credit Union; United Financial Services, Inc.; and South Carolina Department of Motor Vehicles,

     DEFENDANT(S).

IN THE COURT OF COMMON PLEAS
C/A NO: **2015-CP-08-02431**

(NON-JURY MORTGAGE FORECLOSURE)

**NOTICE OF FORECLOSURE HEARING**

**TO THE DEFENDANTS ABOVE NAMED:**

    **PLEASE TAKE NOTICE THAT** a hearing will be held before Dale E. Van Slambrook, Master in Equity for Berkeley County, on April 4, 2017 at 9:30 AM. This hearing will be held at the Berkeley County Courthouse, Courtroom A, B or C; 300-B California Avenue, Moncks Corner, SC 29461.

    You will also take notice that the Plaintiff's attorney will submit written testimony on behalf of the Plaintiff pursuant to South Carolina Code Ann. §14-11-110 (as amended). All issues raised in the pleadings will be decided at this hearing.

    If you would like to receive advance notification in the event your scheduled hearing is canceled or postponed for any reason, please contact the firm's scheduling clerk at (843) 577-5460 with a telephone number where you may be reached.

                FINKEL LAW FIRM LLC
                Post Office Box 71727
                North Charleston, SC 29415
                (843) 577-5460

    By: _Elizabeth S Moore_

        ☐ Thomas A. Shook, SC Bar # 68340
        ☐ Susan S. White, SC Bar # 5453
        ☒ Elizabeth S. Moore, SC Bar # 69236
        ☐ Teresa D. Van Vlake, SC Bar #11118
        Attorneys for Plaintiff

_3|14_ , 2017

F46608

STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

CitiFinancial Servicing LLC,

PLAINTIFF,

vs.

Rudolph N. Lloyd, Individually and as Personal Representative of the Estate of Oralee Blakes; Dessirene Greene Lloyd; Blonder Hamilton; Joann Lloyd; South Carolina Federal Credit Union; United Financial Services, Inc.; and South Carolina Department of Motor Vehicles,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

C/A NO: **2015-CP-08-02431**

(NON-JURY MORTGAGE FORECLOSURE)

**CERTIFICATE OF SERVICE BY MAIL**

I, Kathy Heavner, do hereby certify that I served a copy of the **Notice of Foreclosure Hearing** on the persons as listed below, by depositing same in the United States Mail, postage prepaid, at Charleston, South Carolina, where there is regular communication by mail, on 5-20-17

Dessirene Greene Lloyd
113 Tigers Den Lane
Moncks Corner, SC 29461

Rudolph N. Lloyd
609 Rego Lane
Moncks Corner, SC 29461

United Financial Services, Inc.
c/o: CT Corporation System, Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223

South Carolina Federal Credit Union
6265 Rivers Ave.
North Charleston, SC 29406

Dessirene Greene Lloyd
PO Box 1867
Moncks Corner, SC 29461

Kevin D. Kearse, Esquire
PO Box 365
Moncks Corner, SC 29461

Frank L. Valenta, Jr., Esquire
South Carolina Department of Motor Vehicles
PO Box 1498
Blythewood, SC 29016

Kathy Heavner, Foreclosure Paralegal
FINKEL LAW FIRM LLC
Post Office Box 71727
North Charleston, SC 29415
(843) 577-5460

# Disclosure Statement, Note and Security Agreement

| Borrower(s) (Name and mailing address) | Lender (Name address, city and state) | Account No |
|---|---|---|
| DESSIRENE G LLOYD<br>RUDOLPH LLOYD<br>609 REGO LANE<br>MONCKS CORNER SC 29461 | CITIFINANCIAL, INC<br><br>484 N HIGHWAY 52 SUITE 111<br>MONCKS CORNER SC 29461 | Date of Loan<br>09/05/2006 |

| ANNUAL PERCENTAGE RATE<br>The cost of Borrower's credit as a yearly rate | FINANCE CHARGE<br>The dollar amount the credit will cost Borrower | Amount Financed<br>The amount of credit provided to Borrower or on Borrower's behalf | Total of Payments<br>The amount Borrower will have paid after Borrower has made all payments as scheduled |
|---|---|---|---|
| 7 76 % | $ 79,060 25 | $ 81,382 15 | $ 160,442 40 |

**Payment Schedule**

| Number of Payments | Amount of Payments * | When Payments Are Due |
|---|---|---|
| 240 | $ 668 51 | MONTHLY BEGINNING 10/11/2006 |
| | $ | |
| | $ | |
| | $ | |

See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties

**Security** If checked, Borrower is giving a security interest in
[X] Real Property

**Late Charge** If a payment is more than 10 days late Borrower will pay a late charge equal to the greater of 5 0 % of the payment due or $ 15 00

**Prepayment** If Borrower pays off early, Borrower will not have to pay a penalty, and will not be entitled to a refund of part of the finance charge

* Does not include any insurance premium

**Additional Information**

| Total amount of First month's payment including insurance premiums, if any | PRINCIPAL | POINTS/FEES | DATE CHARGES BEGIN |
|---|---|---|---|
| 859 91 | 83,875 12 | 2,442 97 | 09/11/2006 |

**Required Insurance Disclosure**
If Borrower grants Lender a security interest as indicated in this document, insurance to protect the Lender's interest in the collateral may be required If this loan is secured by real property, or mobile/manufactured home, then fire, extended coverage, collision and/or comprehensive casualty insurance is required naming Lender as loss payee, until the loan is fully paid The amount of such insurance must be sufficient to satisfy the unpaid balance of the loan or be equal to the value of the collateral whichever is less Such insurance may be provided through an existing policy or a policy obtained independently and purchased by Borrower Borrower may obtain such insurance from any insurer that is reasonably acceptable to Lender

**Optional Insurance Disclosures**
Borrower is not required to purchase optional insurance products, such as Credit Life, Credit Disability, Involuntary Unemployment Insurance or any other optional insurance products Lender's decision to grant credit will not be affected by Borrower's decision to purchase or decline to purchase optional insurance

Coverage will not be provided unless Borrower signs and agrees to pay the applicable monthly premium in addition to the monthly loan payment disclosed above

Borrower should refer to the terms contained in the applicable certificate or policy of insurance issued for the exact description of benefits, exclusions and premium rates

If Borrower purchases insurance, Borrower's monthly payment will include both the monthly loan payment disclosed above and the applicable monthly premiums

I/We request the following insurance

CREDIT LIFE, CREDIT DISABILITY, AND INVOLUNTARY UNEMPLOYMENT INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS I/WE AGREE TO PAY THE ADDITIONAL COST BY SIGNING BELOW The Coverage is for the initial term of the loan unless otherwise noted

| Premium Due with the First Month's Loan Payment | First Year's Premium * | Insurance Type |
|---|---|---|
| $ 117 76 | $1,398 55 | JOINT CREDIT LIFE |
| $ 64 67 | $774 87 | JOINT CREDIT DISAB |
| $ NONE | $ | |

First Borrower's Signature _____ Date 9/5/06

Second Borrower's Signature _____ Date 9/05/06

(* First year's premiums are calculated on the assumption that monthly loan payments are timely made) Accrued but unpaid premium if not paid earlier will be due and payable at the time of the final payment on the loan However, failure to pay premiums may result in termination of insurance as described below

**Termination of Insurance**
Borrower may cancel any of the optional insurance products offered at any time The optional insurance will terminate upon the earliest of the following occurrences
(1) the Lender's receipt of Borrower's written request for termination,
(2) on the date when the sum of past due premiums equal or exceed four times the first month premium,
(3) termination pursuant to the provisions of the insurance certificate,
(4) payment in full of Borrower's Loan
(5) death of Borrower

**TERMS** In this Disclosure Statement, Note and Security Agreement, the word "Borrower" refers to the persons signing below as Borrower, whether one or more If more than one Borrower signs each will be responsible, individually and together, for all promises made and for repaying the loan in full The word "Lender" refers to the Lender whose name and address are shown above

**PROMISE TO PAY** In return for a loan that Borrower has received, Borrower promises to pay to the order of Lender the Principal shown above plus interest on the unpaid Principal balance from the Date Charges Begin shown above until fully paid at the following agreed annual Rate of Interest (Applicable Box Must be Checked)

[X] 07 3596 % per annum on the entire unpaid Principal balance
[ ] _____ % per annum on the first $ _____ of the unpaid Principal balance, _____ % per annum on the next $ _____
of the unpaid Principal balance, and _____ % per annum on the remaining unpaid Principal balance

Lender will compute interest on the unpaid Principal balance on a daily basis from the date charges begin through the loan If Borrower does not make sufficient or timely payments according to the payment schedule above, Borrower will incur greater interest charges on the loan

Borrower's Initials _____

SC 27472-10 8/2006          Original (Branch)    Copy (Customer)          Page 1 of 3

DESSIRENE G LLOYD  RUDOLPH LLC   09/05/2006

Principal and interest shall be payable in the substantially equal monthly installments shown above, except that any appropriate adjustments will be made to the first and final payments beginning on the first payment date shown above and continuing on the same day in each following month until paid in full  Upon the final payment date or the acceleration thereof, the entire outstanding balance of Principal and interest evidenced by this Disclosure Statement, Note and Security Agreement shall be due and payable  Any payment(s) which Lender accepts after the final payment date or the acceleration thereof do not constitute a renewal or extension of this loan unless Lender so determines

Each payment shall be applied as follows  (1) monthly loan payments due (first to interest then principal), (2) insurance premiums due  (3) unpaid interest to the date of payment  if any  then (4) principal

Any amount shown above as Points/Fees has been paid by Borrower as Points/Fees  This amount is considered a prepaid charge and is in addition to the above Rate of Interest  Points/Fees are earned prior to any other interest on the loan balance  In the event of prepayment of the loan, Points/Fees will be refunded only if required by state law

**PREPAYMENT**  Borrower may prepay this loan in whole or in part at any time without penalty  However upon partial prepayment, interest will continue to accrue on any remaining Principal balance  Partial prepayment will not affect the amount or due date of subsequent scheduled payments on the loan but may reduce the number of such payments

**LATE CHARGE**  If a payment is more than 10  days late, Borrower will pay a late charge equal to the greatest of  5 0 % of the unpaid portion of the Payment due or $  15 00   Lender may, at its option, waive any late charge or portion thereof without waiving its right to require a late charge with regard to any late payment

**BAD CHECKS**  Lender may charge a fee of $  25 00  if a check, negotiable order of withdrawal or draft is returned for insufficient funds or insufficient credit

**SECURITY AGREEMENT**  Borrower's loan is secured by a Deed of Trust or Mortgage of even date on real property which requires Borrower's written consent to a sale or transfer of the encumbered real property located at 609 REGO LANE
MONCKS CORNER SC 29461                          See either the Deed of Trust or the Mortgage for terms applicable to Lender's interest in
Borrower's real property ("Property")

**OWNERSHIP OF PROPERTY**  Borrower represents that the Property is owned by Borrower free and clear of all liens and encumbrances except those of which Borrower has informed Lender in writing  Prior to any default  Borrower may keep and use the Property at Borrower's own risk, subject to the provisions of the Uniform Commercial Code

**USE OF PROPERTY**  Borrower will not sell, lease, encumber, or otherwise dispose of the Property without Lender's prior written consent  Borrower will not use or permit the use of the Property for illegal purposes

**TAXES AND FEES**  Borrower will pay all taxes  assessments, and other fees payable on the Property  If Borrower fails to pay such amounts  Lender may pay such amounts for Borrower and the amounts paid by Lender will be added to the unpaid balance of the loan, subject to the provisions of the South Carolina Consumer Protection Code

**INSURANCE**  If any insurance coverage is obtained at Lender s office, upon Borrower's default  Borrower hereby gives Lender a power of attorney to cancel part or all of the insurance and to apply any returned premiums to Borrower's unpaid balance  If Borrower purchases any insurance at Lender's office  Borrower understands and acknowledges that (1) the insurance company may be affiliated with Lender, (2) Lender's employee(s) may be an agent for the insurance company  (3) such employee(s) is not acting as the agent, broker or fiduciary for Borrower on this loan, but may be the agent of the insurance company, and (4) Lender or the insurance company may realize some benefit from the sale of that insurance  If Borrower fails to obtain or maintain any required insurance or fails to designate an agent through whom the insurance is to be obtained, Lender may purchase such required insurance for Borrower through an agent of Lender's choice, and the amounts paid by Lender will be added to the unpaid balance of the loan

**LOAN CHARGES**  If a law that applies to this loan and that sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit and (ii) any sums already collected from Borrower that exceeded permitted limits will be refunded to Borrower  Lender may choose to make this refund by reducing the principal owed under this loan or by making a direct payment to Borrower  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge

**DEFAULT**  Borrower will be in default if
1  Borrower does not make any scheduled payment on time
2  Borrower is (or any other person puts Borrower) in bankruptcy, insolvency or receivership,
3  Any of Borrower's creditors attempts by legal process to take and keep any property of Borrower, including the Property securing this loan,
4  Borrower fails to fulfill any promise made under this agreement, or
5  A default occurs under any Real Estate Mortgage or Deed of Trust which secures this loan or under any other mortgage or deed of trust on the real property

Subject to Borrower's right to any notice of default  right to cure default, and any other applicable law if Borrower defaults  Lender may require Borrower to repay the entire unpaid Principal balance and any accrued interest at once  Lender's failure to exercise or delay in exercising any of its rights when default occurs does not constitute a waiver of those or any other rights under this Note  If this debt is referred for collection to an attorney not a salaried employee of Lender  Lender shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited to court costs  and if the original amount financed exceeds an amount specified in the provisions of the South Carolina Consumer Protection Code  allowing for attorney's fees in connection with supervised loans  reasonable attorney's fees not in excess of 15% of the unpaid debt

**EFFECTS OF DEFAULT**  If Borrower defaults, Borrower will deliver the Property to Lender or, upon Lender's demand, assemble the Property and make it available to Lender at a reasonably convenient place  Lender may, without previous notice or demand and without legal process, peacefully enter any place where the Property is located and take possession of it  The Property may be sold with notice at a private or public sale at a location chosen by Lender  At such a sale, Lender may purchase the Property  The proceeds of the sale, minus reasonable expenses incurred in collecting on the debt, will be credited to the unpaid balance of Borrower's loan  The expenses that will be deducted from the proceeds of the sale include the costs of taking, removing, holding, repairing  and selling the Property  reasonable fees (if the original Principal exceeds an amount specified in the provisions of the South Carolina Consumer Protection Code allowing for attorney's fees in connection with supervised loans) paid to an attorney who is not a salaried employee of Lender  and the costs of removing any superior liens or claims on the Property  If the proceeds of sale are not sufficient to pay off the entire balance plus costs, Borrower agrees to pay the remaining amount upon demand  If Borrower has left other property in the repossessed Property  Lender may hold such property temporarily for Borrower without responsibility or liability for the property

Notice of the time and place of a public sale or notice of the time after which a private sale will occur is reasonable if mailed to the Borrower's address at least three (3) days before the sale  The notice may be mailed to Borrower's last address shown on Lender's records

**LAW THAT APPLIES**  South Carolina law and federal law, as applicable govern this Disclosure Statement, Note and Security Agreement  If any part is unenforceable, this will not make any other part unenforceable  In no event will Borrower be required to pay interest or charges in excess of those permitted by law

**OTHER RIGHTS**  Lender may accept payments after maturity or after a default without waiving its rights with respect to any subsequent default in payment  Borrower agrees that Lender may extend time for payment after maturity without notice  The terms of this agreement can be waived or changed only in a writing signed by Lender
Where the context requires, singular words may be read in the plural and plural words in the singular  References to the masculine gender may be read to apply to the feminine gender

**INTEREST AFTER MATURITY**  Lender, at its option, may collect interest from and after maturity upon the unpaid principal balance at either the maximum rate permitted by the then applicable law or rate of interest then prevailing under this contract

DESSIRENE G LLOYD    RUDOLPH LL●                    ●                    09/05/2006

**OTHER TERMS** Each Borrower under this Disclosure Statement, Note and Security Agreement, if more than one, agrees that Lender may obtain approval from one Borrower to change the repayment terms and release any Property securing the loan, or add parties to or release parties from this agreement, without notice to any other Borrower and without releasing any other Borrower from his responsibilities. Lender does not have to notify Borrower before instituting suit if the note is not paid, and Lender can sue any or all Borrowers upon the default by any Borrower.

Borrower, endorsers, sureties and guarantors, to the extent permitted by law, severally waive their right to require Lender to demand payment of amounts due, to give notice of amounts that have not been paid, to receive notice of any extensions of time to pay which Lender allows to any Borrower and to require Lender to show particular diligence in bringing suit against anyone responsible for repayment of this loan, and additionally waive benefit of homestead and exemption laws now in force or later enacted, including any of execution and condemnation on any property securing this loan and waive the benefit of valuation and appraisement.

This Disclosure Statement, Note and Security Agreement shall be the joint and several obligation of all makers, sureties, guarantors and endorsers and shall be binding upon them, their heirs, successors, legal representatives and assigns.

If any part of the Disclosure Statement, Note and Security Agreement is unenforceable, that will not make any other part unenforceable.

**REFINANCING** The overall cost of refinancing an existing loan balance may be greater than the cost of keeping the existing loan and obtaining a second loan for any additional funds Borrower wishes to borrow.

**AUTHORIZATION TO USE CREDIT REPORT** By signing below, Borrower authorizes Lender to obtain, review and use information contained in the Borrower's credit report in order to determine whether the Borrower may qualify for products and services offered by Lender. This authorization terminates when Borrower's outstanding balance due under this Disclosure Statement, Note and Security Agreement is paid in full. Borrower may cancel such authorization at any time by writing the following  Transaction Processing, 300 St. Paul Place, B3P13A, Baltimore, MD 21202  In order to process Borrower's request, Lender must be provided Borrower's full name, address, social security number and account number.

The following notice applies only if this box is checked ☐

---

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

---

By signing below, Borrower agrees to the terms contained herein, acknowledges receipt of a copy of this Disclosure Statement, Note and Security Agreement and if applicable, the Mortgage or Deed of Trust and of the accompanying itemization of Amount Financed, and authorizes the disbursements stated therein

WITNESSES                                    SIGNED

_____                      Dessirene Lloyd                    (Seal)
                                             DESSIRENE G LLOYD                  -Borrower
_____                      Rudolph Lloyd                      (Seal)
                                             RUDOLPH LLOYD                      -Borrower
_____                                                         (Seal)
                                                                               -Borrower

                                             CITIFINANCIAL, INC

                                             By _____  09/05/2006 18 17 59
                                                (Name and Title)

**SECURITY INTEREST OF NONOBLIGOR** Borrower only is personally liable for payment of the loan. Nonobligor is liable and bound by all other terms, conditions, covenants and agreements contained in this Disclosure Statement, Note and Security Agreement, including but not limited to the right and power of Lender to repossess and sell the Property securing this loan, in the event of default by Borrower in payment of this loan.

_____ (Seal) 9-5-06   _____ (Seal)
Signature                Date            Signature                Date

Recorded On-2006-Sep-07  As-75973



**Berkeley County**
**Cynthia B. Forte**
**Register of Deeds**    00075973 Vol: 5936 Ps:  212
**Moncks Corner 294616120**



Instrument Number:  2006- 00075973
As
Mortgage

Recorded On:  September 07, 2006

Parties:  BLAKES ORALEE
To
CITIFINANCIAL INC

Recorded By: CITIFINANCIAL
Comment:

Billable Pages:        2

Num Of Pages:        7

** Examined and Charged as Follows: **

| | |
|---|---|
| Mortgage | 12.00 |
| Recording Charge: | 12.00 |

---

** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For:  Berkeley County, SC

**File Information:**
Document Number:  2006- 00075973
Receipt Number:  74656
Recorded Date/Time:  September 07, 2006 02:56:08P
Book-Vol/Pg:  Bk-R  Vl-5936  Pg-212
Cashier / Station:  D Smith  /  Cash Station 9

**Record and Return To:**
CITIFINANCIAL
TALL RACE PLAZA SUITE 111
484 NORTH HIGHWAY 52
MONCKS CORNER SC 29461



*Cynthia B. Forte*
**Cynthia B Forte - Register of Deeds**

Recorded On 2006-Sep-07 At 75973

After recording return to:
CITIFINANCIAL, INC.

484 N HIGHWAY 52 SUITE 111
MONCKS SC 29461

00075973 Vol: 5936 Pg: 213

# MORTGAGE

THIS MORTGAGE is made this 5th day of September , 2006 , between the Mortgagor,
ORALEE BLAKES RUDOLPH N LLOYD DESSIRENE G LLOYD

herein "Borrower"),
and the Mortgagee, CITIFINANCIAL, INC.
a corporation organized and existing under the laws of South Carolina , whose
address is 484 N HIGHWAY 52 SUITE 111 MONCKS SC 29461 (herein
"Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 83,876.12 , which indebtedness
is evidenced by Borrower's note dated 09/05/2006 and extensions and renewals thereof (herein "Note"), providing for
monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid , due and
payable on 09/11/2025 ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage;
and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage,
grant and convey to Lender and Lender's successors and assigns the following described property located in the County of
BERKELEY , State of South Carolina;

SEE ATTACHED EXHIBIT A

TO HAVE AND TO HOLD unto Lender and Lender's successors and assigns, forever, together with all the
improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which
shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with
said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage,
grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower
covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject
to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest
indebtedness evidenced by the Note and late charges as provided in the Note.



SC 1575-5 1/98        Original(Recorded)    Copy(Branch)    Copy(Customer)        Page 1 of 5

Recorded On-2008-Sep-07 As-75273

DESSIRENE G LLOYD    RUDOLPH LLOYD

00075973 Vol: 5936 Pg: 214
09/05/2006

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

SC 1575-5 1/98    Original (Recorded)    Copy(Branch)    Copy(Customer)    Page 2 of 3

Recorded On-2006-Sep-07 As-75973

00075973 Vol: 5936 Pg: 213
09/05/2006

DESSIRENE G LLOYD    RUDOLPH LLOYD

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. Notice. Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. Governing Law; Severability. The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. Borrower's Copy. Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. Rehabilitation Loan Agreement. Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports, all of which shall be additional sums secured by this Mortgage.

18. Borrower's Right to Reinstate. Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

Recorded On-2006-Sep-07 As-75973

DESSIRENE G LLOYD    RUDOLPH LLOYD

00075973 Vol: 5936 Pg: 214
09/05/2006

19.  Assignment of Rents; Appointment of Receiver.  As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20.  Release.  Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void, and Lender shall release this mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21.  Waiver of Homestead.  Borrower hereby waives all rights of homestead exemption in the Property.

22.  Waiver of Right of Appraisal.  Borrower hereby waives the right to assert any statute providing appraisal rights which may reduce any deficiency judgment obtained by Lender against Borrower in the event of foreclosure under this Mortgage.

23.  Hazardous Substances.  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

(Intentionally Left Blank)

SC 1575-3 1/98    Original (Recorded)    Copy (Branch)    Copy (Customer)    Page 4 of 5

DESSIRENE G LLOYD    RUDO H LLOYD          000 3 Vol: 5936 Pg: 2 /05/2006    217

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Signed, sealed and delivered in the presence of:

_____    _____ (Seal)
                                                    Borrower

_____    _____ (Seal)
                                                    Borrower

### ACKNOWLEDGMENT

STATE OF SOUTH CAROLINA. _Berkeley_____ County ss:

Before me personally appeared _A. L. Alik_____ and made oath that _She___ saw the

within named Borrower sign, seal, and as _____ act and deed, deliver the within written Mortgage; and that

_A.L. Alik_____ with _____ witnessed the execution thereof.

Sworn before me this _____ of _____ 2006

_____              _____
Notary Public for South Carolina

My commission expires: _12/15_____

SC 1575-5 1/98        Original (Recorded)    Copy (Branch)    Copy (Customer)            Page 5 of 5
                     (Space Below This Line Reserved For Lender and Recorder)

Schedule A

Report Number: ▓▓▓▓
Client Number: ▓▓▓▓
Customer:  Blakes, Oralee & Lloyd, Rudolph N. & Lloyd, Dessirene G.


ALL that certain place, parcel or lot of land, situate, lying and being in the County
of Berkeley, State of South Carolina; measuring and containing One (1.00) acre,
more or less; butting and bounding as follows:

NORTH: By lands of the Heirs of Clara Johnson, et al

EAST: By lands of the Heirs of Joe James and Henry Lloyd

SOUTH: By lands of Joel & Hattie Flowers and by lands of Naymon Harleston

WEST: By lands of Abdul Greene

Together with all and singular, the rights, members, hereditaments and
appurtenance to the said premises belonging or in anywise incident or
appertaining.


This being the same property conveyed to Oralee Blakes, Rudolph N. Lloyd and
Dessirene G. Lloyd from Oralee Blakes herein by Deed dated 6/15/06 and
recorded 6/21/06 in Deed Book 5718 at Page 273.



**Berkeley County**
**Cynthia B. Forte**          00027523 Vol:11091 Pg:  266
**Register of Deeds**
**Moncks Corner 294616120**



50 2014 00027523

Instrument Number: 2014- 00027523
As
Assignment of Mortgage

Recorded On: November 26, 2014

Parties: BLAKES ORALEE
        To
        CITIFINANCIAL SERVICING LLC

Recorded By: NATIONWIDE TITLE CLEARING

Comment: BOOK #5936 PAGE 212

Billable Pages:        3
Num Of Pages:          5

## ** Examined and Charged as Follows: **

| | |
|---|---|
| Assignment of Mortgage | 9.00 |
| Recording Charge: | 9.00 |

## ** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Register of Deeds Office For: Berkeley County, SC
File Information:

Record and Return To:

Document Number: 2014- 00027523
Receipt Number: 505555
Recorded Date/Time: November 26, 2014 11:57:22A
Book-Vol/Pg: Bk-R VI-11091 Pg-266
Cashier / Station: S Ritter / Cash Station 11

NATIONWIDE TITLE CLEARING
2100 ALTERNATE 19 NORTH
PALM HARBOR FL 34683-9886



SEAL

*Cynthia B. Forte*

Cynthia B Forte - Register of Deeds

00027523 Vol:11091 Pg:  267

# COVER PAGE

## Document Type: Assignment of Mortgage/Deed of Trust

Recording Requested By and
When Recorded Return To:
CitiFinancial, Inc.
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

Loan#: ███████████

ASSIGNOR(S) NAME:

ASSIGNEE(S) NAME/ADDRESS:

Property Address:
609 REGO LANE
MONCKS CORNER, SC 29461

CFAAA DEFAULT NA17091587 CPA_CVRPG.ptk

4

00027523 Vol:11091 Pg:  268

Recording Requested By/
Return To:

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the receipt and sufficiency of which are hereby acknowledged, the undersigned **CFNA Receivables (SC), Inc. f/k/a CitiFinancial, Inc.**, a South Carolina corporation ("Assignor"), whose address is 300 St. Paul Place, Baltimore, Maryland 21202, does hereby grant, sell, assign, transfer and convey unto **CitiFinancial Servicing LLC**, a Delaware limited liability company ("Assignee"), whose address is 300 St. Paul Place, Baltimore, Maryland 21202, all beneficial interest under the below-described Mortgage, together with the note(s) and obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such Mortgage.

That certain Mortgage dated September 5, 2006;

executed by ORALEE BLAKES  RUDOLPH N LLOYD  DESSIRENE G LLOYD, Mortgagor(s);

to and in favor of CITIFINANCIAL, INC, Mortgagee;

recorded in Book 5936, at Page 212, and/or as Document/Instrument No.2006-00075973,

in the Office of the Clerk of the Court of BERKELEY County, South Carolina

on September 7, 2006.

TO HAVE AND TO HOLD the same unto Assignee and its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

*{Remainder of page left intentionally blank; signature page immediately follows.}*

ASN

Page 1 of 2

00027523 Vol:11091 Ps: 269

IN WITNESS WHEREOF, the undersigned Assignor has executed this Assignment of Mortgage on 10/28/2014.

CFNA Receivables (SC), Inc. f/k/a CitiFinancial, Inc.,
a South Carolina corporation

BY:    Patricia States
TITLE: Vice President

Signed, sealed and delivered
in the presence of:

Witness 1: BENJAMIN D. COOPER

Witness 2: CARL GIESECKE

State of Texas
County of Dallas

This instrument was acknowledged before me on October 28, 2014 by Patricia States, Vice President of CFNA Receivables (SC), Inc. f/k/a CitiFinancial, Inc., a South Carolina corporation, on behalf of said corporation.

ELENA PADILLA
My Commission Expires
June 17, 2019

(Personalized Seal)

Notary Public's Signature

This instrument prepared by:
CitiFinancial Servicing LLC
300 St. Paul Place
Baltimore, MD  21202

ASN

Page 2 of 2

00027523 Vol:11091 Pg: 270

## EXHIBIT A

ALL that certain place, parcel or lot of land, situate, lying and being in the County of Berkeley, State of South Carolina; measuring and containing One (1.00) acre, more or less; butting and bounding as follows:

NORTH: By lands of the Heirs of Clara Johnson, et al

EAST: By lands of the Heirs of Joe James and Henry Lloyd

SOUTH: By lands of Joel & Hattie Flowers and by lands of Naymon Harleston

WEST: By lands of Abdul Greene

Together with all and singular, the rights, members, hereditaments and appurtenance to the said premises belonging or in anywise incident or appertaining.

REFID#

52140.F46608

STATE OF SOUTH CAROLINA

COUNTY OF BERKELEY

IN THE COURT OF COMMON PL
C/A NO: 2015-CP-08-02431

CitiFinancial Servicing LLC,

PLAINTIFF,

vs.

Rudolph N. Lloyd, Individually and as
Personal Representative of the Estate of
Oralee Blakes; Dessirene Greene Lloyd;
Blonder Hamilton; Joann Llyod; South
Carolina Federal Credit Union; United
Financial Services, Inc.; and South Carolina
Department of Motor Vehicles,

DEFENDANT(S).

## AFFIDAVIT

STATE OF MISSOURI )
                   ) SS.
ST. CHARLES COUNTY )

Stephanie A. Green, being first duly sworn on oath, deposes and states as follows:

1.    I am employed by CitiMortgage, Inc., as Vice President - Document Control and I have been appointed as a Vice President of CitiFinancial Servicing LLC.    Pursuant to an agreement, CitiMortgage, Inc., provides certain loan servicing activities for CitiFinancial Servicing LLC. I am authorized to make the representations contained in this affidavit on behalf of CitiFinancial Servicing LLC.

2.    I am over the age of 18 and competent to testify as to the matters contained herein.

3.    For convenience, the following party or parties listed on the Note are referred herein as "Borrower": Dessirene Lloyd A/K/A Dessirene G. Lloyd Rudolph Lloyd A/K/A Rudolph N. Lloyd and Oralee Blakes.

4.    In my capacity as a Vice President - Document Control, I have access to CitiMortgage, Inc.'s and CitiFinancial Servicing LLC's business records, including the business records for, and relating to, the Borrower's loan. I make this affidavit based upon my review of those records relating to the Borrower's loan and from my own personal knowledge of how they are kept and maintained. The loan records for the Borrower are maintained by CitiMortgage, Inc. and CitiFinancial Servicing LLC in

1

SC – Affidavit – 20150827
v.SC20150827

the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with knowledge. It is the regular practice to keep such records in the ordinary course of a regularly conducted business activity.

5.    Borrower executed a Note dated September 5, 2006, for $83,875.12 secured by a Mortgage on a property located at: 609 Rego Lane, Moncks Corner, SC, 29461.No there

6.    CitiFinancial Servicing LLC has the right to foreclose based upon the following: CitiFinancial Servicing LLC is in possession of the original Note, and is the current mortgagee under the Mortgage.

7.    The Borrower has defaulted on his/her payment under the Borrower's loan documents. The Borrower's default on the Note and Mortgage has not been cured, and the loan balance has been accelerated making the entire balance due and owing pursuant to the terms of the loan documents.

8.    As a result of the Borrower's default, the Borrower owes, as of March 1, 2017, the following itemized sums of money, exclusive of fees and costs:

| | |
|---|---|
| Principal Balance | $56,560.28 |
| Interest Due from 12/22/2014 through 3/1/2017 at 7.3596% | $11,296.64 |
| | |
| Pre-Acceleration Late Charges | $0.00 |
| Escrow: | |
|     Escrow Deficiency-Real Estate Taxes Paid on 3/7/2016 $167.24 | |
|     Escrow Deficiency-Real Estate Taxes Paid on 10/20/2014 $171.44 | |
|     Hazard Insurance $0.00 | |
|     Mortgage Insurance Premium/ Private Mortgage Insurance $0.00 | |
|     Credits $0.00 | |
| | |
| Total Escrow | $338.68 |
| Brokers Price Opinion/Appraisals | $0.00 |
| Property Preservation | $0.00 |
| Previous Bankruptcy Fees/Costs | $0.00 |
| Property Inspections | $0.00 |
| Suspense | $0.00 |

2

Miscellaneous Charges/Credits as Follows:

$0.00

**TOTAL**      **$68,195.60**

By: _Stephanie A. Green_

AFFIANT: Stephanie A. Green

Date: _3-9-17_

Subscribed and sworn to before me this _9_ day of _Mar._, 20_17_, by

_Stephanie A. Green_

_Amanda Wilkins_
Notary Public

State of _Missouri_
My commission expires: _7/24/20_

Personally Known _✓_ OR
Produced Identification _No_

Type of Identification Produced:

_No_

```
AMANDA WILKINS
Notary Public - Notary Seal
State of Missouri
St. Charles County
Commission #12575655
My Commission Expires July 24, 2020
```

3

52140.F46608

## NOTICE OF MASTER IN EQUITY SALE
## CIVIL ACTION NO. 2015-CP-08-02431

**BY VIRTUE OF A DECREE** of the Court of Common Pleas for Berkeley County, South Carolina, heretofore issued in the case of CitiFinancial Servicing LLC, against Rudolph N. Lloyd, Individually and as Personal Representative of the Estate of Oralee Blakes, *et al.*, the Master in Equity for Berkeley County, or his/her agent, will sell on ~~May 3, 2017~~, at 11:00 A.M., at Berkeley County Courthouse, Courtroom A, 300-B California Avenue, Moncks Corner, South Carolina, to the highest bidder:

> ALL that certain piece, parcel or lot of land situate, lying and being in First St. Johns Parish, Berkeley County, South Carolina, measuring and containing one (1) acre, more or less, and being more particularly shown and delineated on a "Plat of land owned by Charles Markley Drown being conveyed to Jackson Blakes and Oralee Blakes prepared by Hager E. Netts, RLS, dated February 17, 1986 and recorded in Plat Cabinet F, page 347, together with a fifty (50') foot easement for ingress and egress over, upon and across other lands of the grantors herein as more particularly shown and delineated on the referenced plat.

> ALSO: 1978 Southern Mobile Home, Serial Number S1227

TMS Number: 144-00-01-057
PROPERTY ADDRESS: 609 Rego Lane, Moncks Corner, SC

This being the same property conveyed to Oralee Blakes by deed of Harvey D. and Charles M. Brown, dated July 21, 1986, and recorded in the Office of the Register of Deeds for Berkeley County on July 23, 1986, in Deed Book A659 at Page 119; and by deed of distribution issued in the estate of Jackson Blakes on August 18, 1993 and recorded August 20, 1993 in Book 342 at Page 47.

**TERMS OF SALE:** FOR CASH. The Master in Equity will require a deposit of 5% of the bid amount in cash or certified funds, which is to be applied on the purchase price upon compliance with the bid. Interest on the balance of the bid at 7.3596% shall be paid to the day of compliance. In case of noncompliance within 30 days, after the sale, the deposit of 5% is to be forfeited and applied to Plaintiff's judgment debt and the property re-advertised for sale upon the same terms at the risk of the former highest bidder. Purchaser to pay for deed recording fees and deed stamps.

**Deficiency judgment not being demanded, the bidding will not remain open after the date of sale, but compliance with the bid may be made immediately.**

Should Plaintiff, Plaintiff's attorney, or Plaintiff's agent fail to appear on the day of sale, the property shall not be sold, but shall be re-advertised and sold at some convenient sales day thereafter when Plaintiff, Plaintiff's attorney, or Plaintiff's agent, is present.

The sale shall be subject to taxes and assessments, existing easements and easements and restrictions of record.

Plaintiff does not warrant its title search to purchasers at foreclosure sale or other third parties,
who should have their own title search performed on the subject property.

_____

Dale E. Van Slambrook
Master in Equity for Berkeley County

Moncks Corner, South Carolina

_____4/4_____, 2017

FINKEL LAW FIRM LLC
Post Office Box 71727
North Charleston, South Carolina 29415
(843) 577-5460
Attorneys for Plaintiff

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Rudolph Norwood Lloyd

         Debtor,

Case No. 18-02936-jw
Chapter 13

### CERTIFICATE OF SERVICE

I hereby certify that on this __2__ day of __October__, 2018, I served a copy of the Amended Objection to Plan of Reorganization and a Certificate of Service on the below-listed parties, by depositing same in the United States Mail with sufficient first-class postage affixed and addressed as indicated below:

Rudolph Norwood Lloyd
609 Rego Lane
Moncks Corner, SC 29461

David K. Pinckney, Esq.
Pinckney Law Firm, LLC
PO Box 313
Bluffton, SC 29910

James M. Wyman, Trustee (via ECF)
PO Box 997
Mount Pleasant, SC 29465

Cameron E. Rikard, Paralegal to
MAGALIE A. CREECH, ESQ.
District Court ID No. 10871
Finkel Law Firm, LLC
Post Office Box 1799
Columbia, South Carolina 29202
Phone (803) 765-2935
Fax (803) 252-0786
mcreech@finkellaw.com